IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| T.P.R., by and though his parent, ) | |
| DONNA PATTERSON-RUDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.  2:08cv813-WKW |
| ) | (WO) |
| MONTGOMERY PUBLIC SCHOOLS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On October 6, 2008, Donna Patterson-Rudolph filed a complaint *pro se* on behalf of her son, T.P.R., asserting that the Montgomery Public Schools and several of its employees failed to comply with their obligations under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 *et seq.* and the Due Process Clause.  (Doc. No. 1.)  The plaintiff names Lewis Washington, principal of Sidney Lanier High School; Inez Everage, assistant principal of Sidney Lanier High School; Lois Johnson, PALS Officer; Paula LaCoste, Educational Specialist; Linda Robinson, Chief Academic Officer; Deborah Thomas, Director of Curriculum and Instruction; John Dilworth, Superintendent;  and Raymond Price, a school bus driver, as defendants.  On April 23, 2009, this court dismissed the plaintiff's IDEA claims with prejudice and allowed the plaintiff's due process claims to proceed.  (Doc. No. 19.)

During the pendency of this case, T.P.R. reached the age of majority.  Consequently,

on April 28, 2010, this court ordered the parties to show cause why this case should not be dismissed as it is not being prosecuted by the real party in interest. (Doc. No. 41.) Ms. Patterson-Rudolph filed a response to this court's order on May 13, 2010. (Doc. No. 42.) The court has reviewed the plaintiff's response and concludes that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failing to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(footnote omitted); *see also Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967).

## III. DISCUSSION

Ms. Patterson-Rudolph brings claims on behalf of her son. To the extent she seeks to represent her son as his legal representative, she may not do so. Although Ms. Patterson-Rudolph was initially allowed to bring this lawsuit on behalf of her minor child pursuant to

2

FED.R.CIV.P. 17(c), she is not an attorney and may not represent her child in federal court. *See Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir. 2008) ("[W]hile . . . Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, FED.R.CIV.P. 17(c), a non-lawyer has no right to *represent* a child in an action in the child's name."); *Williams v. Monroe County Bd. of Educ.*, No. 07-0561-CG-B, 2009 WL 1767658 (S.D. Ala. June 23, 2009).

More importantly, T.P.R. reached the age of majority during the pendency of this case. FED.R.CIV.P. 17(a)(1) requires that an action must be prosecuted in the name of the real party in interest. The due process claims in this case concern actions taken by the defendants against T.P.R. Thus, Ms. Patterson-Rudolph is not the real party in interest in this case.

Consequently, this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is

ORDERED that the parties shall file any objections to the said Recommendation on or before June 9, 2010. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of May, 2010.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE